IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANTONIO NÚÑEZ-NÚÑEZ, et. al.

    Plaintiffs

    v.

ROBERTO SÁNCHEZ RAMOS, et. al.

    Defendants

CIVIL NO. 05-1166 (DRD)

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss and a Request for Imposition of Sanctions (Docket No. 7), filed by defendants, Puerto Rican Highway Authority, et al. (jointly referred to as "Defendants"). Upon review of the material, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED** and that the Request for Imposition of Sanctions be **DENIED**.

## FACTUAL and PROCEDURAL BACKGROUND

Defendants' Motion to Dismiss and Request for the Imposition of Sanctions (Docket No. 7) was filed in response to Antonio Núñez-Núñez's ("Plaintiff") February 2005 Complaint (Docket No. 2). In October 1999, Plaintiff first filed a complaint with the Puerto Rico Court of First Instance. In this complaint, Plaintiff asserted that he was inadequately reimbursed for his land and was deprived of due process because of the PRHA's failure to follow procedural requisites under eminent domain law. Namely, Plaintiff claims to have not been given the full twenty days to respond to the summons, as he argues is required by Fed.R.Civ.P. 12(a)(1)(A). Complaint ¶ 8 (Docket No. 2). Plaintiff further alleges that he never signed any documents presented to him by the PRHA. Id., ¶ 1. On October 28, 1998, approximately 17 days after he was originally summoned by the PRHA, Plaintiff's belongings were removed from his house and placed in storage.

A judgment was issued by the Court of First Instance that "fair compensation to be paid for the property expropriated is constituted by the total amount of SEVENTY EIGHT THOUSAND THREE HUNDRED EIGHTY SEVEN DOLLARS." Plaintiff's **Exhibit 1**, *Judgment of the Court*

**CIVIL NO. 05-1166 (DRD)**                       2

*of First Instance* (Docket No. 2).  Plaintiff then filed an appeal in June 2003 before the Puerto Rico Circuit Court of Appeals, which was dismissed.  Defendants' **Exhibit 2** (Docket No. 7).  Plaintiff's Motion for Reconsideration to the Puerto Rico Circuit Court of Appeals was denied on August 21, 2003, as was his petition for certiorari to the Supreme Court of Puerto Rico.  Complaint ¶ 25 (Docket No. 2); Defendants' **Exhibit 2** (Docket No. 7).

On November 16, 2004, Plaintiff filed a complaint with the District Court for the District of Puerto Rico, asserting damages in the amount of eight million dollars ($8,000,000.00).  Defendants' **Exhibit 1** (Docket No. 7).  Subsequently, Plaintiff's complaint was dismissed with prejudice by the District Court on April 5, 2005.  Defendants' **Exhibit 2** (Docket No. 7).  The court found dismissal warranted on grounds of *res judicata*, holding that there was perfect identity between the persons, things and identical causes action in the case brought before the state court and the complaint before the federal court.  Additionally, the Court found that Plaintiff was given a full and fair opportunity to litigate all the issued raised within the his complaint in the earlier proceedings.  Defendants' **Exhibit 2** (Docket No. 7)**.**

On February 10, 2005, Plaintiff filed the instant complaint, in which he alleges a violation of his due process rights in the expropriation of his property by the Puerto Rican Highway Authority ("PRHA") and seeks $145,000.00 in damages.

**STANDARD OF REVIEW**

Defendants' Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is reviewed in a light most favorable to the plaintiff and all well-pleaded facts are to be accepted as true.  See El Dia, Inc. v. Rossello, 165 F.3d 106, 108 (1st Cir. 1999); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Matters of public record, such as the prior complaints of the plaintiff and prior adjudications, are considered to be extraneous materials that may be reviewed by the court in deciding on a 12(b)(6) motion.  Boateng v. InterAmerican Univ. 210 F.3d 56, 60 (1st Cir. 2000).  Finally, the complaint will not survive a motion to dismiss if the plaintiff is unable to put forth sufficient factual averments with respect to every material element of the claim.  See Gooley v. Mobil Oil Corp. 851 F.2d 513, 515 (1st Cir. 1988).

**CIVIL NO. 05-1166 (DRD)**                3

## LEGAL ANALYSIS

**A. *Res Judicata***

Judicial judgments are to be given the same "full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C.A. § 1738 (1976). Accordingly, in an effort to minimize unnecessary litigation, the doctrine of *res judicata* requires that federal courts accord preclusive effect to issues decided in the state courts. See Montana v. United States, 440 U.S. 147, 153 (1979). It is settled law that rules regarding *res judicata* are state created and, thus, the Court looks to Puerto Rican law of preclusion set forth in P.R. Laws Ann. tit. 31 § 3343. Accordingly, in order for *res judicata* to apply, there must "be the most perfect identity between the things, causes, and persons of the litigants" in two separate suits. Id. Additionally, final judgment on the merits in an earlier suit is also an essential element of *res judicata*. See Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994). Finally, any claim that was or should have been a matter brought in a prior proceeding may not be raised at a later time. See Ramirez Pluguez v. Cole 571 F.2d. 70, 71 (1st Cir. 1978); Lovely v. LaLiberte, 498 F.2d 1261, 1263 (1st Cir. 1974), cert. denied, 419 U.S. 1038.

**i. Identity of the Persons**

While Plaintiff has added Secretary of Justice Roberto Sánchez-Ramos ("Sánchez-Ramos") and PRHA Executive Director Dr. Gabriel Alcaraz ("Alcaraz") as defendants in his most recent complaint, the Court finds that these parties are privies of the original defendants in the federal suit. The Puerto Rican Supreme Court in De Leon v. Colon barred the plaintiff from re-litigation after a final judgment even though the plaintiff had joined additional defendants. De Leon v. Colon, 42 D.P.R. 22 (1931). Defendant Sánchez-Ramos, recently confirmed as Puerto Rico's Secretary of Justice, was added in the most recent complaint, though no explanation was given as to Sánchez-Ramos' role in the expropriation of Plaintiff's property. Notwithstanding, the Court finds mutuality of parties because Sánchez-Ramos was appointed as the successor to former Secretary of Justice William Vazquez Irizarry, a defendant named in the prior complaint before the District Court. See

**CIVIL NO. 05-1166 (DRD)**                            4

Del Carmen Tirado v. Department of Educ., 296 F. Supp.2d 127, 133-134 (D.P.R. 2003) (where the court found that "the fact that Plaintiff added new parties does not impede dismissal on *res judicata* grounds;" and among the new parties was defendant's successor as Secretary of Education.). Similarly, Alcaraz is the provisional Executive Director of PRHA, and thus falls within the mutuality requirement that has been liberally interpreted by the courts. See Futura Dev. Corp. v. Centex Corp., 761 F.2d 33, 43 (1st Cir. 1985). This Court deems Alcaraz to be in privity with the original defendants, as he has succeeded the former PRHA Executive Director Jack Allison, who was a defendant named in Plaintiff's prior federal complaint, and therefore his interests are sufficiently aligned with those of the PRHA. Plaintiff's complaint before the Court is brought against the aforementioned defendant in his official capacity as a representative of the PRHA. Consequently, had there been an adverse decision against the PRHA, it would also be binding on Alcaraz. See Stitzer v. University of Puerto Rico, 617 F.Supp. 1246, 1258 (D.P.R. 1985) (referencing Lawton v. Rodriguez, 35 F.2d 823 (1st Cir. 1928), and holding the officials of the university named in the second suit were representatives of the university and thus, privies for purposes of *res judicata*.). Because the defendants named in the instant case hold the same interests as those parties named in the preceding case before the District Court, the element of "perfect identity" between the persons in the case is satisfied. See Pan Am. Match Inc. v. Sears, Roebuck & Co., 454 F.2d 871, 874 (1st Cir. 1972) (establishing privity between parties for the purposes of *res judicata* even though the defendants in present action differed from those in the prior suit.).

**ii. Identity of the Things**

Perfect identity required between the things has been interpreted by Puerto Rican courts to mean the same "object or matter over which the action is exercised." Futura Development Corp., 761 F.2d at 44 (citing Lausell Marxauch v. Diaz de Yanez, 103 P.R.R. 533 (1975)). In all of his prior complaints, Plaintiff's allegations against Defendants were centered on due process violations and unlawful takings with regards to his property in Carolina, Puerto Rico. In the instant case, Plaintiff alleges the same harms with regards to his property and thus, it is indisputable that expropriation of Plaintiff's property is the "thing" upon which each separate complaint is based, fulfilling the required "perfect identity of the thing." P.R. Laws Ann. tit. 31 § 3343.

**CIVIL NO. 05-1166 (DRD)**                    5

**iii. Identity of the Causes**

Finally, with regards to identity of the cause of action, this is Plaintiff's second attempt within this District to present his case and, through review of the facts presented, it is clear that the allegations of due process violations and unlawful takings are consistent throughout. Only one amendment was made to Plaintiff's November 16, 2004 complaint. Defendants' **Exhibit 1** (Docket No. 7). Specifically, in the instant complaint Plaintiff asserts that a violation of his due process rights occurred upon expropriation of his land prior to the allotted time pursuant to the Expropriation Act of 1903, Article 7. Under this statute, property owners with expropriated land taken for "public utility" were given a "right of action to recover the property" if the work was not completed within a six month time period. Hutton v. Autoridad Sobre Hogares de la Capital, 78 F.Supp 988, 990 (D.P.R. 1948). However, Plaintiff is barred from bringing this new claim pursuant to the doctrine of *res judicata*. Plaintiff could and should have brought this issue in his prior complaint to the state court, as it was predicated on the same cause of action. See Ramirez Pluguez, 571 F.2d. at 71 (finding that "as the Superior Court of Puerto Rico has jurisdiction to hear such constitutional claims, they should properly have been raised there.").

Moreover, even assuming *arguendo* that he was not barred by *res judicata*, Plaintiff's argument for a right to reversion was based on a repealed statute and therefore he has not brought forth a claim upon which relief can be granted. Article 7 was repealed in May 1948, as is noted in the Plaintiff's complaint. Hutton, 78 F.Supp at 990; Complaint ¶ 22 (Docket No. 2). Further, Plaintiff failed to set forth any argument as to how and why Article 7, notwithstanding repeal, should govern.

Finally, Plaintiff argues that his due process rights were violated due to various alleged improprieties within the state court. In Arecibo Radio Corp. v. Com. of Puerto Rico, 825 F.2d 589 (1st Cir.1987), the court found that a "generally recognized exception to *res judicata* occurs when the litigant was denied a 'full and fair opportunity to litigate' his claims in the earlier proceeding." Id. at 592 (citing Allen v. McCurry, 449 U.S. 90, 101 (1980)). The Court, however, has not found that Plaintiff was denied this right in the instant case. Additionally, Plaintiff's opposition to the

**CIVIL NO. 05-1166 (DRD)** 6

Motion to Dismiss (Docket No. 7) merely restates his initial complaints, and fails to adequately address a defense to the *res judicata* bar.

Similar to the case at bar, the court in Arecibo Radio reviewed a state court judgment denying relief for the plaintiff, which was followed by a second judgment by the state court that found no merit in the challenges. Id. at 591. Notwithstanding full review in the state system, the plaintiff proceeded to the federal court, seeking "relief from the 'unconstitutional' Superior Court judgment." Id. At 592. The District Court dismissed the complaint based on various grounds, and the First Circuit upheld the decision, finding that it must give preclusive effect to the state court judgment pursuant to 28 U.S.C. § 1738. The effect of this statute is not "diminished merely because the plaintiff seeks to vindicate federal constitutional rights." Id. Similarly, Plaintiff's appeal and his Motion for Reconsideration in the aforementioned case was denied by the Puerto Rico Circuit Court of Appeals, as was his petition for certiorari to the Supreme Court of Puerto Rico. Complaint ¶ 25; Plaintiff's Complaint **Exhibit 1** (Docket No. 2). After said denial, Plaintiff moved to the federal forum and filed a new complaint asserting the same issues, which was dismissed on April 4, 2005. Núñez Núñez v. Vazquez Irizarry et al., 367 F.Supp.2d 201 (D.P.R. 2005).

For the aforementioned reasons, the Court finds that the doctrine of *res judicata* mandates that preclusive effect is to be given to the prior final decisions made by the state court and the District Court alike. Therefore, the Court hereby **RECOMMENDS** that the Defendants' Motion to Dismiss be **GRANTED**.[1]

**B. Sanctions**

Within the Motion to Dismiss, Defendants have requested that the plaintiff be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendants contest that the repeated pleadings caused undue litigation costs, and that they should be reimbursed notwithstanding

---

[1] Because this Motion to Dismiss has been granted on the aforementioned doctrine of *res judicata*, the Court does not need dismiss the case pursuant to 28 U.S.C. § 1915, which allows for a District Court to dismiss an *in forma pauperis* claim if it is "frivolous or malicious" in nature. 28 U.S.C. § 1915(e)(2)(B)(i).

**CIVIL NO. 05-1166 (DRD)**                                    7

Plaintiff's *pro se*, *in forma pauperis* status. However, Defendants failed to follow the appropriate procedure in their Request for Imposition of Sanctions. "A motion for sanctions ... shall be made separately from other motions."[2] Fed.R.Civ.P. 11(c)(1)(A). Absent a formal motion for sanctions, the parties must rely on the Court's action, *sua sponte*, to enter an order against Plaintiff. Id. The statute allows for that the Court, at its discretion, to impose a sanction in order "to deter repetition of such conduct." 11(c)(2).

In the instant case, the Court is unwilling to grant Defendants Request for Imposition of Sanctions, namely because Plaintiff filed the instant complaint before the District Court issued its opinion (see filing date of Docket No. 2 as compared to that of **Exhibit 2**, Docket 7) responding to the first federal complaint. While Plaintiff should have waited for a decision on his initial complaint before the federal court, the instant complaint could have been made for a number of bona fide reasons, specifically the recent appointments of Alcaraz to the PRHC and Sánchez-Ramos to the Department of Justice. Additionally, albeit without grounds for relief, a new argument was brought before the Court. This Court does not find that Plaintiff was acting in bad faith, nor that he presented the instant complaint for any improper purpose. Plaintiff's actions were ostensibly a result of a misunderstanding of the law, and though wrong-headed, his *pro se* filings were not an attempt to take advantage of the judicial system. For the aforementioned reasons, the Court **RECOMMENDS** that the Defendants' Request for the Imposition of Sanctions be **DENIED**.

This Court, however, does recognize the costs that Plaintiff's litigious actions have had on Defendants. Plaintiff is advised that bringing forth any further complaints, either related to the expropriation of his property in Carolina, Puerto Rico or regarding the process of law with respect to this case deemed appropriate by the state courts, could result in sanctions pursuant to Fed.R.Civ.P. 11(c). Furthermore, in conjunction with the sanctions, pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court has the power to recommend Plaintiff be enjoined from further litigation regarding this matter in order to reinforce the doctrine of *res judicata*. "The law is well established that it is

---

[2] "Shall" is defined in Black's Law Dictionary (8th ed. 2004) as having a duty to or "more broadly, is required to," having "the mandatory sense that drafters typically intend and that courts typically uphold."

**CIVIL NO. 05-1166 (DRD)**                                         8

proper and necessary for an injunction to issue barring a party, such as [Plaintiff], from filing and processing frivolous and vexatious lawsuits." Gordon v. U.S. Dept. of Justice, 558 F.2d 618, 618 (1ˢᵗ Cir. 1977).  In its acknowledgment that "the use of such measures against a *pro se* plaintiff should be approached with particular caution," this Court finds that a *sua sponte* injunction is not appropriate at this time, though cautions the Plaintiff against filing duplicative complaints in the future.  Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980), cert. denied, 449 U.S. 829.

## CONCLUSION

**WHEREFORE**, in light of the preceding, the Court hereby **RECOMMENDS** that the defendant's Motion to Dismiss be **GRANTED** and that the Request for Imposition of Sanctions be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection therto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identigy the protion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1ˢᵗ Cir. 1992).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 26ᵗʰ day of September, 2005.

*S/ Gustavo A. Gelpi*
**GUSTAVO A. GELPI**
United States Magistrate-Judge