**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**ANTONIO NUÑEZ-NUÑEZ,
Plaintiff,**

      v.                                    **CIVIL CASE NO: 05-1166 (DRD)**

**ROBERTO SANCHEZ-RAMOS, et als.,
Defendants.**

**OPINION AND ORDER**

      Pending before the Court is co-defendants, Jack Allison, in his capacity as Executive Director of the Highways and Transportation Authority, and the Puerto Rico Highway Authority's *Motion for Entry of Dismissal and for Imposition of Sanctions Against Plaintiff* (Docket No.7).[1] Co-defendants move the Court to dismiss the instant complaint pursuant to the doctrine of *Res Judicata*, in its issue preclusion modality, and to impose sanctions upon plaintiff for the repeated behavior shown by plaintiff filing several complaints grounded on the same facts and causes of action. On September 8, 2005, the undersigned referred the instant motion to dismiss and its corresponding opposition to Magistrate Judge Gustavo A. Gelpi, for a Report and Recommendation (Docket No. 10). Shortly thereafter, on September 26, 2005, Magistrate Judge Gelpi issued its R & R recommending that plaintiff's causes of action against the defendants be dismissed with prejudice (Docket No. 11). On October 12, 2005, plaintiff filed its objections to the Magistrate Judge's recommendations (Docket No. 12).

      For the reasons stated herein, after examining the R & R and objections thereto, the Court **ADOPTS *in toto*** the Magistrate Judge's Report and Recommendation and **DISMISSES** plaintiff's claims against the defendants **WITH PREJDUDICE**.

**MAGISTRATE REPORT AND RECOMMENDATION**

      The District Court may refer dispositive motions to a United States Magistrate Judge for a

---

[1] The Court notes that the instant motion to dismiss is filed by Jack Allison, Executive Director of the Puerto Rico Highways and Transportation Authority. However, Mr. Allison is not a named co-defendant in the instant case since at the time the complaint was filed he was not longer in Office and had been substituted by the new Administration by Dr. Gabriel Alcaraz. The Court deems that this has been an inadvertent error by counsel because Mr. Allison was the named defendant in the parallel case before the sister court in Civil No. 04-2275(JP). Nevertheless, the analysis is not altered since as determined *infra*, both named defendants were governmental officials holding the same Office and that the parties are privies.

Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); FED.R.CIV. P. 72(b); Local Civil Rule 72(a).  See Mathews v. Weber, 423 U.S. 261 (1976). Of course, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. See Local Civil Rule 72(d); FED.R.CIV. P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

See 28 U.S.C. § 636(b)(1).

However, pursuant to FED.R.CIV. P. 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992).  See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings);  Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988);  Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised").  See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

Provided plaintiffs have objected to all the determinations addressed by the Magistrate, the Court shall make a de novo determination of the R & R.

## FACTUAL LANDSCAPE

On February 10, 2005, plaintiff filed the instant complaint alleging that as a result of the negligent acts committed by the Puerto Rico Highway Authority and the Government of the

Commonwealth of Puerto Rico in conducting eminent domain procedures he was left without home for a period of time due to the alleged due process violation in conducting said eminent domain procedure resulting in the inadequate reimbursement of his land. Plaintiff sustains that the state eminent domain proceedings resulted in violation of its due process rights because at the time process was served plaintiff was deprived of filing its responsive pleading within the statutory term provided; a dwelling house located within the property object of the eminent domain proceeding was demolished without providing plaintiff sufficient time to conduct an appraisal of the structure and not enough time was provided to challenge the valuation made by the Government. Finally, at the time the house was demolished plaintiff's belongings were removed from the house and placed into storage without his consent.

The Court notes that sometime in October 1999, plaintiff originally filed a civil proceeding before the local state court challenging the reimbursement paid by the Government for plaintiff's property and alleging deprivation of due process rights due to instant defendants to follow the procedurals requirements set forth by the eminent domain law. Plaintiff sustains that in the case described above, the defendants served process and failed to provide in the language of the summons the notice required of twenty (20) days to respond to the summons served and specifically, that on the seventeenth (17th) day after being served process, his belongings were removed from the property, placed in storage and the dwelling house was demolished preventing him from providing an independent appraisal. Plaintiff also challenged the "fair compensation" offered by the Government as payment. Further, plaintiff affirms that during the proceedings before the local state court, he was not allowed to testify and to submit into evidence an appraisal made by an independent party as to the real state property showing that the true value of the property was in effect higher than the compensation offered by the Government. Plaintiff further avers that the local state court's determination did not to authorize him testify nor present relevant evidence violating his due process rights inasmuch he was not represented by counsel during said proceedings. Finally, plaintiff avers that at the time judgment was entered he was entitled to obtain satisfaction under reverse condemnation proceedings provided by statute. The record reflects that plaintiff subsequently appealed to the state appellate Court of Appeals the ruling entered by the state trial court. Plaintiff's appeal was denied for its failure to comply with the Rules and Regulations of the local appellate court. Furthermore, in a final attempt to exhaust local judicial proceedings, plaintiff sought redress before the Supreme Court of Puerto Rico. The review requested was denied on February 13, 2004, for failure to comply with the Rules and Regulations of the Supreme Court of Puerto Rico.

Notwithstanding, on November 16, 2004, plaintiff filed a federal claim under Civil No. 04-2275(JP), with identical causes of action to the instant complaint. Said complaint was dismissed with prejudice by District Judge Pieras on the grounds that the doctrine of *res judicata* was applicable since there was a final judgment from the Supreme Court of Puerto Rico issued on January 9, 2004. Furthermore, the sister Court determined that there was perfect identity of things or causes; that there was also perfect identity of parties and the capacity in which they acted; that there was a final adjudication on the merits therefore, and consequently the elements of the doctrine of *res judicata* had been met, hence the dismissal was warranted. Final judgment in Civil No. 04-2275(JP) was entered on April 5, 2005 (Docket No. 19).[2] Plaintiff filed an appeal before the First Circuit Court, and on December 12, 2005, the Court of Appeals for the First Circuit issued judgment dismissing plaintiff's appeal due to plaintiff's failure to timely file its appellate request and for its failure to file a timely motion requesting to extend the time to file the appeal(Docket No. 30).

### RULE 12(b)(6) MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1,3 (1st Cir. 1996)(citations omitted); see also Berríos v. Bristol Myers Squibb Caribbean Corp., 51 F.Supp.2d 61 (D.Puerto Rico 1999). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting Gooley v. Mobil Oil Corp., 51 F.2d 513, 514 (1st Cir.1988)).

Therefore, in order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513 (1st Cir. 1988). In sum, a claim shall be dismissed under Rule 12(b)(6) **only if it appears beyond doubt that the pleader can prove no set of facts in support**

---

[2] The Court notes that plaintiff filed the instant case before the undersigned while case Civil No. 04-2275 was being entertained by District Judge Pieras.

**of the claim that would entitle the pleader to relief**. Conley v. Gibson, 355 U.S. at 78. (*Emphasis added*.)

However, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978). In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id.; see also Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998).  A district court's dismissal of a claim under Rule 12(b)(6) is reviewed *de novo* by the appeals court; such court "accept[s] as true all well-pleaded factual averments and indulg[es] all reasonable inferences in the plaintiff's favor." Calderon Ortiz v. Laboy Alvarado, 300 F.3d 60, 62-63 (1st Cir. 2002); SEC v.SG Ltd., 265 F.3d 42, 46 (1st Cir. 2001). Accordingly, "if the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory", any order of dismissal shall be set aside. Calderon Ortiz, 300 F.3d at 63; quoting, Conley v. Gibson, 355 U.S. at 45-46; Aulson v. Blanchard, 83 F.3d at 3.

## LEGAL ANALYSIS

At the outset, the Court notes that at the time the captioned case was filed, a final judgment on the merits had been entered by the Supreme Court of Puerto Rico.  Furthermore, plaintiff filed another federal case before other sister court within this district claiming the same causes of actions and alleging damages as claimed in the instant case.  Notwithstanding, pending the outcome of the proceedings before the sister court, plaintiff filed the instant case and on April 5, 2005, the sister court dismissed plaintiff's case against the defendants for failure to state a claim upon which relief can be granted on grounds of the preclusive effect afforded by the doctrine of *res judicata*.

On June 2, 2005, the defendants moved for dismissal on the grounds that the doctrine of *res judicata* precluded this Court to entertain plaintiff's claims since the judgment issued previously by our sister in the state system was a final adjudication on the merits.  The Court notes that the Magistrate Judge has analyzed the instant request for dismissal examining the effects of the *res judicata* doctrine under Puerto Rico Law precepts since at the time the case was filed there was no final ruling in the parallel case before the federal sister court.  Notwithstanding, the Court proceeds to analyze the effects of *res judicata* under Puerto Rico and federal law, since now there is a final judgment on the merits issued by the sister court in the parallel case.

The Magistrate Judge's R & R recommended that the instant complaint should be dismissed

with prejudice on the grounds that the doctrine of *res judicata* fully applied to the facts and claims as averred by plaintiff in his complaint. The Magistrate Judge reasoned that the final judgment issued by the Supreme Court of Puerto Rico had preclusive effects upon plaintiff because federal courts must give full faith and credit to final judgments issued by local state courts and because in matters of res judicata, federal courts look to state law to determine the preclusive effects of the local state court's judgments.[3] Accordingly, Puerto Rico Law provides that "[i]n order that the presumption of the res judicata may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there must be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such". 31 P.R. Laws Ann. §3343.

The Magistrate Judge examined the above-mentioned requisites as provided by Puerto Rico Law and concluded that in the most recent federal complaint, plaintiff added as defendants the Secretary of Justice of Puerto Rico and the Puerto Rico Highway Authority Executive Director. However, the Magistrate Judge concluded that these named defendants were privies of the original defendants in federal suit. The R & R provided that the Secretary of Justice, Roberto Sanchez-Ramos was appointed the successor to the former Secretary of Justice, William Vazquez-Irizarry, who was a defendant named in the prior federal complaint before the District Court hence mutuality of parties existed amongst these two defendants in both complaints. As to Puerto Rico Highway Authority Executive Director, Dr. Gabriel Alcaraz, the Magistrate Judge reasoned that he also fell within the mutuality requirement and that he was in privy with the original defendant, as he succeeded the former Executive Director. Accordingly, the Magistrate Judge concluded that the interests of Dr. Alcaraz was sufficiently aligned with those of the Puerto Rico Highway Authority, and that since the defendant was sued in his official capacity as a representative of said Authority, should there had been an adverse ruling against the Authority and its former Executive Director, it would also bind Dr. Alcaraz. In summary, the R & R stated that since the former defendants and the named defendants in the captioned case held the same interests, the element of "perfect identity" had also been satisfied.

As to the second requisite "identity of things", there must be perfect identity as to the "object or matter over which the action is exercised". Hence the Court must examine the allegations made in plaintiff's previous complaint and the instant judicial action, to determine whether the claims

---

[3] *See*, Texaco Puerto Rico v. Medina, 834 F.2d 242 (1st Cir. 1987).

made are identical. The Magistrate Judge decided that plaintiff's crux throughout all complaints filed before the different forums had been the violation of plaintiff's due process rights and the alleged unlawful manner in which the eminent domain proceedings were conducted. Therefore, as to the identity of matters requisite, the Magistrate Judge concluded that it had been also satisfied.

The third requisite for the applicability of *res judicata* is the identity of causes of action prosecuted by plaintiff. Once again, the Magistrate Judge examined plaintiff's previous federal complaint and the instant complaint and determined that the allegations of unlawful taking and due process violations are exactly alike. However, the Magistrate Judge noticed that in the instant complaint plaintiff alleged that the due process violation resulted from expropriation of his land prior to the time allotted notwithstanding the statute upon which plaintiff relied had been repealed. The Magistrate Judge reasoned that under *res judicata* principles plaintiff was precluded from raising said claim because said issue could have then been raised in the local state court's case since said issue was grounded in the same cause of action. In addition, the Magistrate Judge reasoned that should *res judicata* preclude the newly alleged issue, plaintiff would be barred from raising said claim because the statute was repealed before the instant complaint was filed.

As to plaintiff's allegations that his due process rights were violated as a result of several alleged improprieties within the state court proceedings and recognizing that there is an exception to the doctrine of *res judicata* when the litigant has been denied an opportunity to fully and fairly litigate its claims in the earlier proceeding, the Magistrate Judge refused to find that plaintiff's rights had been violated. The Magistrate Judge grounded his conclusion on the fact that plaintiff had exhausted all available appellate procedures before the Commonwealth's courts. Additionally, the Magistrate Judge noticed that after plaintiff sought relief at all trial levels before the local state courts, plaintiff moved to the District Court and filed a complaint seeking the same redress sought before the state courts, which was dismissed by District Judge Pieras.[4] Finally, the R & R pointed to the fact that in its opposition to defendants' motion to dismiss, plaintiff failed to address a defense to the *res judicata* bar, and merely restated his initial complaints.

Finally, as to defendants' request for the imposition of sanctions upon plaintiff, the Magistrate Judge decided not to impose sanctions as requested because first, pursuant to Rule 11(c)(1)(A), Fed.R.Civ.P., sanctions shall be filed in a motion separate from other motions. Further,

---

[4] Thereby activating a Rooker-Feldman bar to the federal litigation. *See* last footnote of this Opinion and Order.

the Magistrate Judge reasoned that sanctions were not warranted because although plaintiff should have waited until the first federal case was fully entertained, the instant case could have been filed for various valid reasons including the new expropriation argument but the same is barred under *res judicata* principles.[5]  Moreover, the Magistrate Judge reasoned that the record was devoid of evidence showing that plaintiff's actions were taken in bad faith or that the complaints were presented for any improper purpose, nor taking advantage of the judicial proceedings. Notwithstanding the present finding, the Magistrate Judge forewarned plaintiff that should further litigation be prosecuted either related to the eminent domain process or the due process of law violations within the state court proceedings, he could face imposition of sanctions under Rule 11(c), and that the District Court had authority to issue an order enjoining plaintiff from further litigation regarding said issues.

Plaintiff filed objections to the Magistrate Judge's R & R rehashing the same arguments averred in all the complaints filed before the local state and federal courts.  In summary, plaintiff alleges that the eminent domain procedures initiated by the Puerto Rico Highway Authority were illegal because the Supreme Court of Puerto Rico had declared such project illegal.[6]  Plaintiff further avers that he was not allowed to properly respond to the expropriation petition, that the property was demolished without affording plaintiff the right to answer the condemnation proceedings, that his personal belongings were removed from the house and put into storage, that he was unjustly compensated for the property, and that he was not allowed to testify during the expropriation hearing since he had no legal counsel.  Defendants opposed plaintiff's objections sustaining that the arguments raised by plaintiff in its objections had been previously raised in its complaint, in its opposition to the motion to dismiss and in all earlier proceedings initiated by plaintiff before the local state and federal courts.

It is well settled law that the doctrines of ***res judicata* and collateral estoppel under both**

---

[5] The Court merely states that *res judicata* is a technical defense which bars even arguments that were not made and should have been made.  Porn v. National Grange Mutual Insurance Company, 93 F.3d 31, 34 (1st Cir. 1996)(citations omitted).  Consequently, plaintiff representing himself, in *pro se* fashion this court finds, does not warrant any further sanctions up to this moment.  But plaintiff is forewarned as to sanctions for further filings of this same case.

[6] This Court takes judicial knowledge that the Supreme Court of Puerto Rico decided merely that the project had to be paralyzed because certain environmental requirements had not been duly complied.  Colon-Cortes v. Pesquera, 150 D.P.R. 724 (2000), 2000 WL 424713.  Further, the Supreme Court of Puerto Rico neither decided that the eminent domain proceedings performed by the state were illegal nor that the properties expropriated had to be returned.   The construction has since then been continued after compliance with the environmental deficiencies.

**federal and state court jurisprudence preclude relitigation of claims and/or issues which have been or could have been litigated in a prior judicial action for which judgment has been rendered**. Baez-Cruz v. Municipality of Comerio, 140 F.3d 24 (1st Cir. 1998); Apparel Art International, Inc. v. Amertex Enterprises Ltd., 48 F.3d 576 (1st Cir. 1995), quoting Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411 (1980); *see also* Parklane Hoistery Co., Inc. v. Shore, 439 U.S. 322, 326, n. 5, 99 S.Ct. 645, 649 (1979). The First Circuit has also indicated that "*res judicata* operates as an absolute bar to the relitigation of the same cause of action between parties (or their privies) **and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined but as to all matters which might have been determined as well**." Westcott Const. v. Firemen's Fund of New Jersey, 996 F.2d 14, 16 (1st Cir. 1993)(*quoting* Griffin v. State of R.I., 760 F.2d 359, 360 (1st Cir. 1991))(emphasis added). In fact, even if the claims were grounded strictly under Puerto Rico law, nonetheless preclusion includes "claims that were raised or could have been raised." Colon Padilla v. San Patricio Corp., 81 D.P.R. 242, 264 (1959); Perez v. A.F.F., 87 D.P.R. 118 (1963). **"[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation."** United States v. Mendoza, 464 U.S. 154, 158, 104 S.Ct. 568, 571 (1984)(emphasis added). Pursuant to federal law, at least three elements must be present in order for a claim to be barred as a result of a judgment in a prior action, to wit, 1) there must have been a final judgment on the merits; 2) the prior action must have involved the same parties or their privies; and 3) the prior action must have involved the same claim. 18 Moore's Federal Practice and Procedure, §131.01 (Matthew Bender 3d ed.). However, several courts have added a fourth prong to the test, whether the judgment entered in the prior action was entered by a court of competent jurisdiction. Id.

Inasmuch the Court is asked to determine the preclusive effects of a judgment issued by local state courts, Puerto Rico Law provides the rule of decision. *See* Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982); Cruz v. Melecio, 204 F.3d 14, 18-19 (1st Cir. 2000). The following are the required elements for the application of the doctrine of *res judicata* under Puerto Rico law: perfect identification must exist between 1) the subject matter; 2) the causes of action; 3) the parties; 4) and the capacity in which they acted; and 5) the former judgment, by its own nature, or by legal provision, must constitute an adjudication on the merits. *See* Colon v. San Patricio Corporation, 81 D.P.R. 242, 264, 1959 WL 135995 (1959); *see* 31 P.R. LAWS ANN., § 3343 and 32 P.R. LAWS ANN., § 1793.

However, it should be noted that although the doctrine of *res judicata* is extensive to all claims and precludes any ulterior motive to raise those issues that were not considered during the first judicial proceeding, it has been held that its barring effects do not apply in those cases in which the doctrine's application would deprive a party of its due process rights. Arecibo Radio Corp. v. Commonwealth, 825 F2d 589 (1st Cir. 1987). Furthermore, even if a party raises some new theory in its second time at bat, said act does not constitute a new cause of action precluding the barring effects of the doctrine. Futura Development Corp. v. Centex Corp., 761 F.2d 33, 44 (1st Cir. 1985); 18 Moore's Federal Practice and Procedure, §131.21[b] (Matthew Bender 3d ed.). .

At the outset, the Court must determine whether the elements of the *res judicata* doctrine have been complied resulting in plaintiff being barred from challenging previous rulings. Consequently, for a Puerto Rico local state court's judgment to ascribe preclusive effect in a subsequent federal action, the original query faced by Magistrate Judge Gelpi was whether the local state court would ascribe preclusive effect to said judgment. Boetang v. InterAmerican University, Inc., 210 F.3d 56, 61 (1st Cir. 2000). Similarly, federal, and not Commonwealth law, controls in determining the res judicata or collateral estoppel effects of a federal court decision on a subsequent federal court suit. In re El San Juan Hotel Corp., 841 F.2d 6, 9 (1st Cir. 1988)(citations omitted). The Court is only **now** concerned with satisfying the *res judicata* requirements under federal law since we now face a decision from a federal court in Civil No. 04-2275(JP) entered by District Judge Pieras although the court discusses herein *res judicata* under both state and federal requirements since the requirements are basically parallel to each other.[7]

**A) Identity of Things or Causes**

The identity of things (*res*) requirement for purposes of *res judicata* relates to the object or content of the action while the cause refers to the principal basis or origin of the pleaded and determined actions and exceptions, not the means of proof or legal grounds of the claim. Esteves

---

[7] According to the applicable jurisprudence, the requirements of *res judicata* doctrine under the federal law framework are: 1) a final judgment on the merits in an earlier action; 2) sufficient identity between the causes of action asserted in the earlier and later suits; and 3) sufficient identity between the parties in both suits. *See* Porn v. National Grange Mutual Insurance Company, 93 F.3d 31, 34 (1st Cir. 1996)(citations omitted). Similarly, under Puerto Rico law, the *res judicata* doctrine requirements are: "perfect identification must exist between the subject matter, the causes of action, the parties, and the capacity in which they acted and the former judgment by its own nature or by legal provision, must constitute an adjudication on the merits". Molina v. Sea-Land, 2 F.Supp.2d 180, 183 (D.P.R. 1997)(*quoting* Colon v. San Patricio Corporation, 81 D.P.R. 242, 264, 1959 WL 13595 (1959). Under both frameworks a party is precluded from relitigating claims made in the original lawsuit or that could have been made at the original lawsuit. *See*, *See* Porn v. National Grange Mutual Insurance Company, 93 F.3d at 34; Molina v. Sea-Land, 2 F.Supp.2d at 183; Colon v. San Patricio Corporation, 81 D.P.R. at 264.

v. Ortiz, 678 F.Supp. 963 (1988). In other words, the identity of things relates basically to the "object or matter over which the action is exercised". Futura Development Corp. v. Centex Corp., 761 F.2d at 44; Lausell-Marxuach v. Diaz de Yañez, 3 P.R. Offic. Trans. 987, 998 (1981). Further, the Supreme Court of Puerto Rico's jurisprudence has recognized that under the identity of things element, the test to be satisfied is to determine whether a decision in the second action may contradict the prior adjudication of a right. A & P Gen. Contractors, Inc. v. Asociación Caná, 10 P.R. Offic. Trans. 987, 998 (1981). Similarly, the identity of cause's element is met should the origin or main grounds for both actions be common. Id.

The Court has examined plaintiff's claims before the local trial court, the claims brought forth by plaintiff before the district court in the previous federal complaint and the claims alleged in the instant complaint, and concludes that all the facts alleged, and the causes of action claimed in all previously local and federal filed cases, are the same facts, causes of action and claims stated in the instant case. As stated previously, plaintiff's causes of action in the local trial court were grounded in allegations of due process violations and unlawful taking. Similarly these same facts and causes of action were alleged in the previous federal complaint. A thorough review of the instant complaint shows that plaintiff has repeated the facts and causes of action identically as stated in all previous complaints filed.

Finally, the Court notes that the judgment entered by the local trial court determined that the eminent domain proceeding was performed in accordance with local state Law, Rules and Regulations; that plaintiff was duly notified of the expropriations proceedings and was paid just compensation for said property; that at the time the property was demolished the Puerto Rico Highway Authority was the owner of the premises; that plaintiff failed to timely challenged the compensation received for the property; and that plaintiff failed to allege a colorable cause of action relating to the expropriation and damages issue. Similarly, the sister district court concluded that plaintiff had been afforded all due process rights, and that the compensation had been reasonable, hence the sister court was precluded from entertaining plaintiff's complaint due to *res judicata* principles.

Evidently, the identity of cause's element is met because the origin or main grounds for both local and federal actions are common, and should the Court entertain plaintiff's instant complaint, a decision in this action may contradict the adjudication provided by the local state court and the sister federal court. A & P Gen. Contractors, Inc. v. Asociación Caná, 10 P.R. Offic. Trans. at 998. Accordingly, the identity of cause's prong is met under both local and federal law requirements.

Therefore, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as to the conclusion that there is a perfect identity of things and causes.

### B) Identity of the parties and the capacity in which they acted

It is well settled that for the preclusion effect afforded by *res judicata* to operate, the requirement of perfect identity amongst the parties cannot be taken literally and mere nominal differences between the two actions cannot undermine the preclusive effect of a local state court. Cruz v. Melecio, 204 F3d at 19. Furthermore, the First Circuit Court has determined that parties or their privies are barred from re-litigating a claim because the doctrine of *res judicata* operates against said parties. Gonzalez v. Banco Central Corp., 27 F.3d 751,757 (1st Cir. 1994).

Moreover, the First Circuit Court has determined that the mutuality requirement as set forth by the Puerto Rico statute has not been construed literally. Baez-Cruz v. Municipality of Comerio, 140 F.3d 24, 29 (1st Cir. 1998)(*citing* Futura Development Corp. v. Centex Corp., 761 F.2d at 43). Nevertheless, "there is identity of persons whenever the litigants of the second suit are legal representatives of those who litigated in the preceding suit, or when they are jointly bound with them or by the relations established by the indivisibility of the prestations [i.e., 'a performance of something due upon an obligation'] ... amongst those having the right to demand them, or the obligation to satisfy them". Baez-Cruz v. Municipality of Comerio, 140 F.3d at 29 (internal citations omitted).

On the other hand, pursuant to federal law, the jurisprudence dictates that identical "parties for purposes of res judicata does not mean formal, paper parties only, but also includes parties in interest, that is, that persons whose interests are properly placed before the court by someone with standing to represent them are bound by the matters determined in the proceeding." Gulf-Island IV, Inc. v. Blue-Streak Gulf IS OPS, 24 F.3d 743, 746-747 (5th Cir. 1994), *cert. denied* 513 U.S. 1155 (1995).

An examination of plaintiff's local claim and the instant complaint shows that the main difference rests amongst the parties named as co-defendants. In the instant case the named co-defendants are Gabriel Alcaraz, the Puerto Rico Department of Transportation and Public Works, the Commonwealth of Puerto Rico, the Puerto Rico Highway Authority, and the Secretary of Justice, Roberto Sanchez-Ramos. The Court agrees with the finding made by the Magistrate Judge determining that there is an identity of parties amongst the instant defendants and defendants named in the initial complaint before the local state courts. In the local state courts the named defendant was the Puerto Rico Department of Transportation and Public Works, and several unknown

insurance companies named as co-defendants. Furthermore, the initial federal complaint shows that the named defendants were Jack Allison, the Executive Director of the Puerto Rico Highway Authority, the Puerto Rico Highway Authority, William Vazquez-Irizarry, former Secretary of Justice, and the Commonwealth of Puerto Rico.

Therefore, the Court deems that Gabriel Alcaraz and Jack Allison both have been included as governmental officials holding Office as the Executive Director of the Puerto Rico Highway Authority, hence they satisfy the element of identity of parties discussed previously because co-defendant Gabriel Alcaraz substituted former Executive Director Jack Allison. Hence because of the substitution in Office, the Court considers that these defendants are privies and the mutuality requirement as set forth by the applicable jurisprudence is satisfied since there is identity of the parties and the capacity in which they acted is identical. Further, co-defendants Roberto Sanchez-Ramos substituted William Vazquez-Irizarry as Secretary of Justice, so by the same reasoning previously explained, for purpose of the preclusion afforded by the res judicata doctrine, these parties being in privy as one being the successor of the other, also satisfies the element of "perfect identity". Thus, the undersigned takes into account that should an adverse judgment be entered against the aforementioned named defendants in the first federal complaint, the successors named in the second complaint would be held liable for whatever judgment was entered against their predecessors because they hold the same interests as those parties named in the first federal complaint.

Therefore, the Court rules that the prong of the "identity of parties" and the capacity in which they acted is met both under local and federal law. Consequently, the Court **ADOPTS** the recommendation made by the Magistrate Judge that the "identity of parties" element has been satisfied inasmuch the named defendants in the instant case hold the same interests as those parties named in the preceding case before the sister court.

### C) Full and Fair Opportunity to litigate and Finality of previous proceedings

As stated hereinbefore, in order for *res judicata* to provide preclusive effects in a subsequent judicial challenge, the party affected by preclusion must have had a full and fair opportunity to litigate its case in the prior proceeding. Cruz v. Melecio, 204 F.3d at 19; Arecibo Radio Corp. v. Commonwealth, 825 F2d at 592. Evidently, plaintiff has had vast opportunities to litigate its claims both in local state and federal courts. The Court explains.

The record shows that at local state level, plaintiff did in fact litigate its claims before the local state courts, and then proceeded to exhaust all available appellate levels. Consequently, plaintiff has taken advantage of the available proceedings fully. Therefore, once plaintiff's appeal

was denied by the local appellate court, plaintiff filed unsuccessfully for a review before the Supreme Court of Puerto Rico. Consequently, the Court considers that not only plaintiff had the opportunity to proceed at all levels before the local courts, but also, plaintiff had the opportunity to raise all issues and causes of action that have been raised in the federal complaints. Similarly, at federal district court level, the Court notes that in Civil No. 04-2275(JP), plaintiff raised all the claims asserted in the instant complaint and having faced the adverse ruling provided therein, an unsuccessful appeal was taken to the Court of Appeals for the First Circuit. Therefore, the Court determines that plaintiff also has had its opportunity to litigate its claims before the federal court hence plaintiff should be precluded from re-litigating its claims due to the fact that the *res judicata* element of having a "full and fair opportunity" to litigate its claims has been satisfied.

As to the finality of the previous proceedings, the Court must examine whether the judgment issued by the Commonwealth of Puerto Rico' courts is final and unappealable because the district court is bound by local state law when the judgment that may provide the preclusive effect is rendered by a court within said state. Allen v. McCurry, 449 U.S. at 96. According to Puerto Rico Rules of Civil Procedure a judgment becomes final when the appeal is resolved because an appeal stays the lower court's judgment. Specifically, Rule 59.3, Puerto Rico Rules of Civil Procedure, 32 P.R. Laws Ann. Ap. III, R. 53.9 (2000) provides that "once an appeal ... is filed, all further proceedings in the lower court regarding the judgment appealed ... shall be stayed". The undersigned notes that the Supreme Court of Puerto Rico issued a Resolution on January 9, 2004. At said time, the Supreme Court denied a motion for reconsideration filed by plaintiff. Therefore, under Puerto Rico Law, the issues presented by plaintiff, and previously enumerated herein, before the Supreme Court are final and unappealable and this Court is bound to apply the *res judicata* doctrine.

For purposes of *res judicata* preclusion, a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were raised or could have been raised in that action. Allen v. McCurry, 449 U.S. at 94. The Court notes that in the previous case filed before another court within this district, plaintiff's causes of action were dismissed with prejudice following a request for dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (*See* Docket No. 19, Civil No. 04-2275(JP)). It is well settled in this circuit that dismissal for failure to state a claim pursuant to Rule 12(b)(6) is a final decision on the merits. Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388 (1st Cir. 1994). As stated by the Acevedo Court, "the dismissal of the complaint fits comfortably under the Supreme Court's definition of a 'final decision'... as one that 'ends the litigation on the merits and leaves nothing for the court to do but

execute the judgment". Id, *quoting* Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373-374 (1981).

Therefore, in light that a final judgment on the merits was issued on April 5, 2005, by District Judge Pieras in Civil No. 04-2275, the element of finality of previous federal proceedings has been satisfied since the Court of Appeals issued similarly a judgment on December 12, 2005 (*See* Civil No. 04-2275(JP), Docket No. 30). Accordingly, the preclusive effect afforded by the doctrine of *res judicata* is warranted.[8]

## CONCLUSION

For the reasons stated herein, the Court hereby ***ADOPTS in toto*** the Magistrate Judge's Report and Recommendation (Docket No. 11) recommending that co-defendants' *Motion for Entry of Dismissal and for Imposition of Sanctions Against Plaintiff* (Docket No.7) be granted. Consequently, the Court hereby **GRANTS** co-defendants' *Motion for Entry of Dismissal and for Imposition of Sanctions Against Plaintiff* (Docket No.7) and **DISMISSES** plaintiff's claims against the defendants **WITH PREJUDICE**. **Judgment** shall be issued accordingly.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 28th day of February 2006.

                                                  **S/DANIEL R. DOMINGUEZ**
                                                  **DANIEL R. DOMINGUEZ**
                                                  **U.S. DISTRICT JUDGE**

---

[8] The instant case is also barred under the Rooker-Feldman doctrine. *See* Lance v. Dennis, __ S.Ct. __, 2006 WL 386360 (February 21, 2006); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 465 (1923). The Rooker Feldman doctrine posses three (3) requirements: 1) "the party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment or have been in privity with such a party"; (2) "the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment"; and (3) "the federal claim must not be parallel to the state-court claim." Lance v. Dennis, 2006 WL 386360 at 2.